UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JACQUELYN MAHONEY and<br>████████████████<br><br>Defendants | ) Criminal No.   26cr10152<br>)<br>) Violations:<br>)<br>) Count One: Conspiracy to Distribute and to<br>) Possess with Intent to Distribute Controlled<br>) Substances<br>) (21 U.S.C. § 846)<br>)<br>) Count Two: Distribution of and Possession<br>) with Intent to Distribute 5 Grams or More of<br>) Methamphetamine; Aiding and Abetting<br>) (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); 18<br>) U.S.C. § 2)<br>)<br>) Forfeiture Allegation:<br>) (21 U.S.C. § 853) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances
(21 U.S.C. § 846)

The Grand Jury charges:

From a date unknown, but from at least in or about December 2025, through on or about December 17, 2025, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1) JACQUELYN MAHONEY and
(2) ████████████████,

conspired with each other, and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute and to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 5 grams or more of

1

methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(viii) is applicable to this Count.

It is further alleged that, with respect to Count One, 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances, were reasonably foreseeable by and are attributable to (1) JACQUELYN MAHONEY and (2) ████████ ████████ Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(viii) is applicable to (1) JACQUELYN MAHONEY and (2) ████████████

All in violation of Title 21, United States Code, Section 846.

Before the defendant, (1) JACQUELYN MAHONEY, committed the offense charged in this count, the defendant was convicted of violating 18 U.S.C. § 841(a)(1) (*see United States v. Jacquelyn Mahoney*, Docket No. 1:22-cr-10146-1 FDS (D. Mass. 2022)), a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO
### Distribution of and Possession with Intent to Distribute
### 5 Grams or More of Methamphetamine; Aiding and Abetting
### (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about December 17, 2025, in Boston, in the District of Massachusetts, the defendants,

(1) JACQUELYN MAHONEY and
(2) ████████████████,

did knowingly and intentionally distribute and possess with intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, all Schedule II controlled substances.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(viii), and Title 18, United States Code, Section 2.

Before the defendant, (1) JACQUELYN MAHONEY, committed the offense charged in this count, the defendant was convicted of violating 18 U.S.C. § 841(a)(1) (*see United States v. Jacquelyn Mahoney*, No. 1:22-cr-10146-1 FDS (D. Mass. 2022)), a serious drug felony, for which she served more than 12 months of imprisonment and for which she was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## DRUG FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

1.    Upon conviction of one or more of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts One and Two, the defendants,

(1) JACQUELYN MAHONEY and
(2) ███████████████,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants—

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

4

A TRUE BILL



FOREPERSON

_ARBL_

AMANDA BECK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: May ___12___, 2026
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, 11:38am

DEPUTY CLERK

5